SAMUEL, Judge
(dissenting).
I agree with the majority’s conclusion that the trial judge could not have dismissed plaintiff’s suit had he placed any credibility in the testimony of plaintiff and his two witnesses. I also agree that a trial judge’s conclusions as to facts which are dependent upon the credibility of witnesses should not be reversed except for manifest error. However, this is not a case which calls for the acceptance or rejection of conflicting testimony. Here there is no competent testimony or evidence which is in conflict with the testimony of plaintiff and his witnesses, there is nothing in the record which reflects against the credibility of plaintiff and his witnesses and there is a clear legal presumption in plaintiff’s favor arising from the failure of defendants to produce witnesses who were available to them.
It appears to me that following the presentation of plaintiff’s case the defendants at least had the burden of going forward with the evidence. This they did not do. They introduced the testimony of only one witness, Pittman’s office manager.
The office manager testified at one time Pittman did have two cranes working on the job but on the day of the accident they had only one which could not have been *71 involved in the accident because it was located too far away from the point where the plaintiff witnesses said the bucket fell. However, he also testified he was not present on the day the accident is alleged to have happened and, while he did say he visited the job “at least once a week”, he did not say when he had made his last visit prior to the accident. He further testified that on the day of the accident Pittman had on the job site two crane operators and two oilers assisting those operators and, in addition, a superintendent, a superintendent’s assistant and other employees; and that each of the crane operators and each of the oilers worked an 8 hour period on the day of the accident and that the company had worked only a single 8 hour day on that date.
In my opinion the manager’s testimony taken as a whole is contradictory. It is clearly so relative to one or two operating cranes on the day of the accident. Why would Pittman pay two operators and two assistants to operate only one crane during one eight hour day ? In addition, the manager’s testimony is largely hearsay .since he was not present at the time of the accident or at any particular specified time prior thereto. It further appears to me, that it would have been a very simple matter for the defendants to call as witnesses the Pittman employees who were present at the time of the occurrence. There is no evidence showing or attempting to show any reason why they could not be called. In this regard the sole Pittman employee mentioned in the record, the superintendent of the job, is shown to have still been in Pittman’s employ at the time of trial. The failure to call any of these witnesses raises a presumption that their testimony would have been contrary to defendants’ position.
I cannot agree with the trial judge’s reasons for rejecting the testimony of plaintiff and his witnesses. As expressed in his reasons for judgment, these are: there is no evidence to indicate the foreign substance in plaintiff’s eyes was concrete; if in fact the bucket did fall, others would have been witness to the event; there is no evidence substantiating the testimony placing a crane at the site of the accident; and there is no evidence contradicting the defendant contention Pittman did not purchase cement on the date the accident is alleged to have taken place.
Plaintiff could hardly be expected to retain the foreign substance in his eyes so that the doctor might identify the same as being concrete. The doctor’s testimony corroborates plaintiff’s account of the incident as fully as reasonably could be expected of medical testimony. In this connection it is important to note that plaintiff’s visit to the doctor took place on the same day as that on which the accident occurred.
Nor is it material to plaintiff’s case that there may have been other witnesses to the fact that the bucket did fall. The record contains no evidence that plaintiff knew, or should have known, of any such other witnesses. In any event, it was not incumbent upon plaintiff to produce all such possible witnesses and, with equal certainty, the defendants could have produced witnesses who could testify their bucket did not fall if in fact no such fall occurred.
The same reasoning applies to the third objection relative to a lack of evidence substantiating the testimony placing a crane at the site of the accident. Plaintiff witnesses place a crane there and if there was no crane within the required vicinity, it would have been a very simple matter for defendants to offer competent evidence as to that fact.
My disagreement with the last objection, that there is no evidence contradicting the defendant contention Pittman did not purchase cement on the date of the accident, is self evident. The absence of such a purchase is a contention which must be proved by the litigant making the contention, in this case the defendants and not the plaintiff. Even as noted by the trial court in his reasons, defendants failed to prove that contention by any acceptable evidence.
*72 Nor do I find any sound foundation for the objections made in the majority opinion to the testimony offered by plaintiff. Those objections are: that no concrete was found in plaintiff’s eyes by the attending physician; and there is no indication from the receipt for the paint job on plaintiff’s car that there was any cement or cement marks on the automobile.
The first objection is, I believe, sufficiently answered above in connection with the same contention in the trial court’s reasons for judgment. I place no importance on the second objection for the reason that a receipt for payment of an automobile paint job cannot be expected to include a description of the condition of the car prior to the application of the new paint.
As I would reverse, awarding judgment in favor of plaintiff, I respectfully dissent.